FILED
United States Court of Appeals
Tenth Circuit

March 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER A. CORDOVA,

　　　　Plaintiff - Appellant,

　　v.

BLOCKBUSTER VIDEO CORP.;
JANE DOE, Witness,

　　　　Defendants - Appellees.

No. 08-1374

(D. Colorado)

(D.C. No. 1:08-CV-01664-ZLW)

---

## ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Christopher Cordova brought suit pro se in the United States District Court

for the District of Colorado against Blockbuster Video and an unnamed witness

whom he blames for wrongly identifying him as a participant in a video-store

theft. He alleged that as a result of the misidentification, Denver police officers

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

came to his apartment and questioned him, causing him severe emotional distress, anxiety, and panic attacks.

The district court read Mr. Cordova's complaint to allege a civil-rights violation and ordered him to amend it to conform to Federal Rule of Civil Procedure 8(a), which requires, among other things, a statement of the basis for the court's jurisdiction. Mr. Cordova's amended complaint failed to do so. Notably, it did not allege that any defendant was a state actor who could be sued under 42 U.S.C. § 1983. Accordingly, the court dismissed the suit for failure to state a basis for federal jurisdiction.

We affirm the district court's dismissal. "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted). Neither version of Mr. Cordova's complaint invoked federal diversity jurisdiction. Nor does either suggest federal-question jurisdiction, which requires that the claim present a "substantial" federal question. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974). A question "may be plainly unsubstantial . . . because it is obviously without merit." *Id.* (internal quotation marks omitted). Mr. Cordova's claim fails to raise a substantial federal question because it does not allege that either defendant acted under color of state law, a fundamental requirement for a § 1983 claim. *See Gomez v. Toledo*, 446

U.S. 635, 640 (1980).  Given this failure, the district court plainly lacked jurisdiction over the claim.

We AFFIRM the district court's dismissal of Mr. Cordova's suit.  We DENY Mr. Cordova's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge